**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SCOTT RHINEHART,

      CASE NO.: 8:17-cv-01019-JDW-AAS

  Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

  Defendant.

_____/

## JOINT MOTION FOR ENTRY OF ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER REGARDING PROTECTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff SCOTT RHINEHART ("Plaintiff"), jointly with defendant ENHANCED RECOVERY COMPANY, LLC ("ERC") (collectively the "Parties"), hereby move for entry of an Order approving the attached Stipulation for Protective Order Regarding Protection of Confidential Documents and Information (the "Protective Order").  *See* Protective Order attached hereto as Ex. A.  In support of this motion, the Parties state as follows:

    1.    Plaintiff seeks relief from Defendant under the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA").

    2.    Based on the nature of the claims asserted, this action is likely to involve trade secrets and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution and defense of this action is warranted. Such confidential and proprietary materials

and information consist of, among other things, confidential business or financial information, information regarding confidential business practices and procedures, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

3. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

4. Because the subject matter of the litigation includes information described above, the Parties have met and conferred in good faith, and agreed to the terms of the attached Protective Order, which specify the conditions under which private, sensitive, and/or legally confidential documents and information in possession of the Parties must be exchanged, used, and protected in this litigation.

5. The Protective Order is justified by Rule 26(c) of the Federal Rules of Civil Procedure and relevant case law, and is necessary for the Parties to obtain relevant and essential discovery, and to protect such trade secrets and other confidential research, development, technical, or commercial information which may be produced or provided by the Parties or non-

parties. *See Chicago Tribune Co. v. Bridgestone Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (holding that Rule 26(c) permits a court to make a protective order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way" upon a showing of good cause).

For the foregoing reasons, the Parties respectfully request this Court to enter an Order approving the attached Stipulation for Protective Order Regarding Protection of Confidential Documents and Information agreed to by the Parties.

Dated: September __, 2017

Respectfully Submitted,

| **SMITH, GAMBRELL & RUSSELL, LLP** | **BOSS LAW** |
|---|---|
| /s/ *Richard D. Rivera*<br>Scott S. Gallagher<br>Florida Bar No. 0371970<br>Email: ssgallagher@sgrlaw.com<br>Richard D. Rivera<br>Florida Bar No. 108251<br>Email: rrivera@sgrlaw.com<br>50 North Laura St, Suite 2600<br>Jacksonville, FL 32202<br>(904) 598-6111<br>(904) 598-6211 fax<br><br>*Attorneys for Defendant* | */s/ Christopher W. Boss*<br>Christopher W. Boss, Esq.<br>Fla. Bar No.: 013183<br>Email: cpservice@protectyourfuture.com<br>9887 Fourth Street North, Suite 202<br>St. Petersburg, Florida 33702<br>Phone: (727) 471-0039<br>Fax: (888) 503-2182<br>Attorney for Plaintiff |